UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re                                          Case No. 13-12065-CLB

ROBERT R. CONTI                                Chapter 7

                          Debtor

---

## NOTICE OF MOTION OBJECTING TO DEBTOR'S CLAIM OF EXEMPTIONS AND DIRECTING TURNOVER OF NON-EXEMPT PROPERTY TO THE DEBTOR'S ESTATE

| | |
|---|---|
| MOTION MADE BY: | Daniel E. Brick, Chapter 7 Trustee. |
| DATE, TIME AND PLACE RETURNABLE: | February 24, 2014 at 10:00 a.m., United States Bankruptcy Court, Western District of New York, Olympic Towers, 300 Pearl Street, Suite 350, Part II Courtroom, 3rd Floor, Buffalo, New York 14202. |
| SUPPORTING PAPERS: | Motion Objecting to Debtor's Claim of Exemptions and Compelling Turnover of Non-Exempt Property to the Debtor's Estate. |
| RELIEF REQUESTED: | Order Disallowing or Modifying Certain Exemptions Claimed by Debtor and Directing Turnover of Non-Exempt Property. |

DATED:  Buffalo, New York
        February 11, 2014

                                    GROSS, SHUMAN, BRIZDLE &
                                        GILFILLAN, P.C.

                                    By:  /s/ Robert J. Feldman
                                        Robert J. Feldman, Esq.
                                    *Special Counsel to Daniel E. Brick,
                                    Chapter 7 Trustee*
                                    465 Main Street, Suite 600
                                    Buffalo, New York  14203
                                    Tel:   (716) 854-4300
                                    Fax:   (716) 854-2787
                                    rfeldman@gross-shuman.com

TO: Joseph W. Allen, Esq.
Office of the United States Trustee
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, New York 14202

John D'Amato, Esq.
John D'Amato Law Offices
Attorneys for Debtor
3729 Union Road
Cheektowaga, New York 14225

Doc #408964.1

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re

Case No. 13-12065-CLB

ROBERT R. CONTI

Chapter 7

Debtor

---

## MOTION OBJECTING TO DEBTOR'S CLAIM OF EXEMPTIONS AND DIRECTING TURNOVER OF NON-EXEMPT PROPERTY TO THE DEBTOR'S ESTATE

Daniel E. Brick, the Chapter 7 Trustee in the above Chapter 7 case ("Trustee") of the above-captioned debtor ("Debtor"), by and through his special counsel, Gross, Shuman, Brizdle & Gilfillan, P.C. ("GSB&G"), hereby objects to the Debtor's claim of exemptions, and in support thereof respectfully represents as follows:

1. On or about August 1, 2013, ("Petition Date"), the Debtor commenced this proceeding by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") and Daniel E. Brick was appointed Chapter 7 Trustee.

2. The last day for the Trustee to file objections to the Debtor's claim of exemptions is February 11, 2014.

3. The Trustee objects to the allowance of the Debtor's claim of exemptions as set forth in the Debtor's Schedule C as more fully described below:

    a. Claim to Exemption Pursuant to CPLR 5205(a)(6): To the extent the combined value of the Debtor's three watches, his college ring and wedding band exceeds the CPLR Section 5205(a)(6) one thousand dollar limit;

    b. The Debtor has claimed an exemption to his wife's life insurance policy at AFT Metrolife as a beneficiary thereunder pursuant to New York Insurance Law §3212, EPTL 7-1.5 and CPLR §5205(i). If the Debtor's wife owns the life insurance policy, the Debtor is precluded from exempting the proceeds. New York Insurance Law §3212, EPTL 7-1.5

and CPLR 5205(i) do not allow for the exemption of a beneficial interest in a policy owned by another, including a spouse, on the life of the owner. Accordingly, if the Debtor's spouse owns the AFT Metrolife policy, this exemption should not be allowed;

c.  The Debtor has claimed as exempt his interest in a Merrill Lynch Account #71208 valued by the Debtor at $85,885.00. The Trustee objects to the exemption to the extent such account is not qualified under Section 408 (or otherwise) of the Internal Revenue Code ("IRC") or if any of the contributions made therein are not so qualified;

d.  The Trustee objects to the Debtor's claim of exemption with respect to "[t]he Trustee of Transit Imaging & MRI Associates PC 401k Profit Sharing – contract #. . . 591 – Retirement Account . . ." valued by the Debtor at $630,170.00 to the extent it is not qualified under Section 401 of the IRC (or otherwise) and additionally, with respect to contributions exceeding the maximum permitted under IRC Section 401 (or otherwise) not conforming to IRC Section 401 or other requirements;

e.  The Trustee objects to the Debtor's claim of exemption with respect to all accounts receivable in existence as of the Petition Date that resulted from services rendered more than sixty (60) days prior to the Petition Date, and ten percent (10%) of accounts receivable in existence as of the Petition Date that were generated as a result of services rendered within sixty (60) days prior to the Petition Date.

WHEREFORE, based upon the foregoing, the Trustee requests an Order disallowing or modifying the exemptions claimed by the Debtor, directing a turnover of assets to the extent they are non-exempt and granting such other and further relief as is just and proper.

Dated: Buffalo, New York
February 11, 2014

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C.

By: s/ Robert J. Feldman
Robert J. Feldman
*Attorneys for Daniel E. Brick,*
*Chapter 7 Trustee*
Office and P.O. Address
465 Main Street, Suite 600
Buffalo, New York 14203
Tel: (716) 854-4300

Doc #408941.1

- 2 -